WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:  (808) 528-8881
e-mail:  aikeda@unioncounsel.net
        jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
ROOFERS UNION LOCAL 221 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TRUSTEES OF THE ROOFERS UNION LOCAL 221 TRUST FUNDS (**Pension Fund** by its Trustees, Tai Ai, Scott Ai, Tim Lyons, Vaughn Chong, Enrique Subiono, and Nephi Kaonohi; **Health & Welfare Fund** by its Trustees, Tai Ai, Scott Ai, Tim Lyons, Vaughn Chong, Enrique Subiono, and Nephi Kaonohi; **Annuity Fund** by its Trustees, Tai Ai, Scott Ai, Tim Lyons, Vaughn Chong, Enrique Subiono, and Nephi Kaonohi; **Training Fund** by its Trustees, Tai Ai, Scott Ai, Tim Lyons, Vaughn Chong, Nephi Kaonohi, and Fred Kaohe, Jr.; **Vacation & Holiday Trust Fund** by its | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. _____  **COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" – "4"; DECLARATION OF COUNSEL; SUMMONS** |

Trustees, Tai Ai, Scott Ai, Tim )
Lyons, Vaughn Chong, Enrique )
Subiono, and Nephi Kaonohi), )
                                )
              Plaintiffs, )
                                )
      vs. )
                                )
LAULIMA ROOFING & )
WATERPROOFING LLC, a Hawaii )
Limited Liability Company; )
ROBERT KAAPANA, individually, )
and DOROTHEA KAAPANA, )
individually, )
                                )
              Defendants. )
_____ )

**COMPLAINT FOR SPECIFIC**
**PERFORMANCE, ASSUMPSIT AND DAMAGES**

Come now Plaintiffs above-named by their attorneys,

Weinberg, Roger & Rosenfeld, and for Complaint against

Defendants above-named allege and aver as follows:

**FIRST CAUSE OF ACTION**
**SPECIFIC PERFORMANCE**

1.    Plaintiffs are the Trustees of the Roofers Local 221 Trust

Funds, which include the Pension, Health & Welfare, Annuity,

Training and Vacation & Holiday Fund (hereinafter referred to as

"Trust Funds").

2

2.     This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. § 185(a), 1145, and 1132(a) and (f).

3.     At all times material herein, each of the above-named Trust Funds and Plan (collectively "Trust Funds") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii.  At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4.     Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant LAULIMA ROOFING &

3

WATERPROOFING LLC (hereinafter "Defendant"), was a Hawaii

Limited Liability Company, doing business in the State of Hawaii.

5.     On or about November 5, 2017, Defendant,

by and through its Member, ROBERT KAAPANA, made, executed

and delivered to the Local Union No. 221 Of The United Union Of

Roofers, Waterproofers, And Allied Workers (AFL-CIO) (hereinafter

"Union"), that certain written agreement covering Roofers in the

State of Hawaii, which incorporated the Master Agreement covering

Roofers in the State of Hawaii effective November 5, 2017, to and

including November 5, 2022, and all of the amendments,

modifications, changes, extensions, and renewals thereto

(hereinafter referred to as "Master Agreement") and the various

trust agreements establishing the Plaintiffs as employee benefits

plans. A true copy of said written agreement is attached hereto as

Exhibit "1", and is incorporated herein by reference.  By said

agreement(s), Defendant promised to contribute and pay to the

Trust Funds and Plan (hereinafter collectively referred to as "Trust

Funds" or "Plaintiffs") certain amounts for employee benefits, for

work performed by Defendant's covered employees, which amounts

4

would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and November 5, 2017. By said agreement(s), the Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after November 5, 2017, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

7. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of ten percent (10%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent

monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

8. By virtue of said agreement(s) and 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed under 26 U.S.C. § 6621, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

9. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under 26 U.S.C. § 6621, on any unpaid contributions.

10. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

11.   Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

12.   Defendant now continue to fail, neglect and refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments and reports pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## <u>ASSUMPSIT AND DAMAGES</u>

13.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 12. of the First Cause Of Action herein above set forth.

7

14.    By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendants employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

15.    As a result of reports submitted by the Defendant covering the report periods of November 2018 through January 2019, there is now known to be due, owing and unpaid to Plaintiffs from Defendant for said report periods contributions in the sum of $73,605.89, liquidated damages in the amount of $7,462.76, interest at the rate prescribed under 26 U.S.C. § 6621 (October 1, 2018 through December 31, 2018 – 5%; January 1, 2019 – March 31, 2019 – 6%) in the minimum amount of $353.51, for a grand total of $81,422.16, through February 21, 2019 and at $21.66 per diem thereafter, plus attorney's fees and costs, for said report periods.

16.   Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time because Defendant has neglected and refused to allow a payroll audit or submit timely reports to the aforesaid Trust Funds.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

17.   Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

18.   At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as herein before alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

19.   By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees of twenty-five percent (25%) of the total amount of contributions and liquidated damages due.

20.   It has been necessary for the Plaintiffs to engage counsel for the purpose of pursuing said audit and collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

**THIRD CAUSE OF ACTION**
**(NOVEMBER 15, 2018 PROMISSORY NOTE)**

21.   Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 20. of the First and Second Cause of Action hereinabove set forth.

22.   On or about November 20, 2018, Defendant executed a Promissory Note dated November 15, 2018 (hereinafter "Note") and

effective on even date (a true and accurate copy of said Note is attached hereto as Exhibit "2"), acknowledging the obligation to pay to Plaintiffs the monetary amount of $153,953.60 including twelve percent (12%) per annum interest thereon, which sum represented the liquidated amount owed by Defendant to Plaintiffs for the report periods of July, August and September 2018.

23.   Payment of the amounts due on the Note has not been made notwithstanding Defendant's default thereunder and pursuant to Defendant, Defendant ROBERT and Defendant DOROTHEA's (collectively "Defendants") November 15, 2018 Letter Agreement with Plaintiffs.  A true and correct copy of the November 15, 2018 Letter Agreement is attached hereto as Exhibit "3" and made a part hereof.

24.   Plaintiffs notified Defendants that Defendant had defaulted on the November 15, 2018 Letter Agreement and Note, and therefore, Plaintiffs would be asserting their rights under the November 15, 2018 Letter Agreement and Note to immediate payment of the amounts due under the Note from Defendant.

25.   Pursuant to the Note, Defendant agreed to pay all costs of collection, including reasonable attorneys' fees, incurred by Plaintiffs in the collection of the amounts due on the Note.

26.   By virtue of the foregoing, Plaintiffs have been damaged by Defendant in the principal amount of $56,063.95, plus interest from January 9, 2019 (last payment made) through February 21, 2019 totaling $792.58 at $18.43 per diem until entry of judgment thereon and such additional amounts as may be proven at trial or hearing on proof.

27.   This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

## FOURTH CAUSE OF ACTION
## (NOVEMBER 15, 2018 GUARANTY)

28.   Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1. through 27 of the First, Second and Third Causes of Action hereinabove set forth.

29.   On or about November 15, 2018, Defendant ROBERT and Defendant DOROTHEA executed a November 15, 2018 Trust Fund Continuing Guaranty ("Guaranty"), whereby

12

Defendants ROBERT and DOROTHEA personally guaranteed payment of Defendant's Note and any further delinquencies of Defendant under the written agreement (Exhibit "1") to the Trust Funds.  A true and accurate copy of said November 15, 2018 Guaranty is attached hereto as Exhibit "4".

30.   Plaintiffs notified Defendant ROBERT and Defendant DOROTHEA that because Defendant had defaulted on said Note and incurred further delinquencies, that Plaintiffs were asserting their rights under the Guaranty.

31.   Defendants ROBERT and Defendant DOROTHEA have refused and failed to comply, and continue to refuse and fail to comply, with Plaintiffs' demand for payment pursuant to the express terms of the Note and Guaranty.

32.   Defendant ROBERT and Defendant DOROTHEA are thus jointly and severally liable to Plaintiffs for the Collective Bargaining Agreement and Note amounts set forth in the Second and Third Cause of Action set forth above.

33.  This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Plaintiffs pray judgment against Defendant LAULIMA ROOFING & WATERPROOFING LLC, a Hawaii Limited Liability Company, Defendant ROBERT KAAPANA, and Defendant DOROTHEA KAAPANA, jointly and severally, collectively "Defendants", as to the First, Second, Third and Fourth Causes of Action, as follows:

1.    That the Court order Defendant to submit timely reports and payments in accordance with said agreement(s).

2.    That the Court order Defendant to permit Plaintiffs to audit its payroll books and records for the period of January 1, 2018 through the present in accordance with said agreement(s), as amended.

3.    For such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

4.    For interest at the rate prescribed under 26 U.S.C. § 6621, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary

14

payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s). 29 U.S.C. § 1132(g).

5.     Liquidated damages as provided in said agreement(s), on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, or an amount equal to interest (computed under 26 U.S.C. § 6621), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater. 29 U.S.C. § 1132(g).

6.     That the Court award the Plaintiffs and against the Defendants,  November 2018 through January 2019 report contributions of $73,605.89, plus $353.21 interest (26 U.S.C. § 6221), see para. 15, infra, through February 21, 2018 and at $21.66 per diem thereafter, plus attorneys' fees and costs, for said report periods.

7.     That the Court award the Plaintiffs and against the Defendants liquidated damages in the amount of $7,462.76, for the November 2018 through January 2019 report periods, or an

amount equal to interest (computed at the rate prescribed under 26 U.S.C. § 6621), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C. § 1132(g).

8.     For judgment against Defendants on the Note and Guaranty (Exhibits "2" and "4") for the principal amount of $56,063.95, plus interest from January 9, 2019 through February 21, 2019 totaling $792.58, and at $18.43 per diem until entry of judgment thereon and collection costs, costs of court and reasonable attorneys' fees under said Note.

9.     For judgment against Defendants in the total amount of $138,278.69 (Counts Two, Three and Four), which includes interest through February 21, 2019, and at the aggregate (November 2018 – January 2019 contributions and Note) per diem of $40.09 thereafter.

10.   That the Court award the Plaintiffs and against the Defendants such additional amounts as may, by proof, be shown to be due and owing at the time of trial or proof.

11.   That the Court award the Plaintiffs and

16

against the Defendants all collection costs, audit fees, costs of court and reasonable attorney's fees pursuant to said agreement(s) or other laws.  29 U.S.C. § 1132(g).

  12.  That the Court order and award any further and additional relief as the Court deems proper.

  DATED:  Honolulu, Hawaii,  February 25,           , 2019.

**WEINBERG, ROGER & ROSENFELD**

  _/S/ ASHLEY K. IKEDA_
ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE
ROOFERS UNION LOCAL 221
TRUST FUNDS